The Braddock Trust Company, Appellant, *v*. The Guarantee Trust and Safe Deposit Company of Philadelphia, Administrator, c. t. a. of the estate of Charles William Siemens, deceased, and Henry Bradford Richmond and John Thorpe Potts, both of Philadelphia, and copartners under the name of Richmond & Potts.

*Equity—Laches—Discovery of fraud—Deceit.*

A bill in equity in the nature of a common law action of deceit to recover damages for loss occasioned by false representations will be dismissed where it appears that, although the plaintiffs were induced to discount the notes of a corporation by the false representation that all its capital had been paid in, yet they delayed for over six years after the discovery of the fraud to institute any suit for the enforcement of their rights.

Argued Jan. 27, 1897. Appeal, No. 556, Jan. T., 1896, by plaintiff, from decree of C. P. No. 2, Phila. County, March Term, 1888, No. 534, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to compel the defendants to pay for losses occasioned by the alleged false representations of their agent.

The facts sufficiently appear by the opinion of the Supreme Court.

The case was referred to George Tucker Bispham, Esq., as master, who recommended that the bill should be dismissed, because the plaintiff was guilty of laches in instituting proceedings.

Exceptions to the master's report were overruled, and a decree was entered dismissing the bill.

*Error assigned* among others was decree dismissing bill.

*L. L. Scaife*, of the Boston bar, with him *M. Hampton Todd*, for appellant.—The plaintiff was not guilty of laches: Ferris v. Henderson, 12 Pa. 53 ; Piatt v. Longworth, 27 Ohio, 160 ; Brogden v. Walker, 2 H. & J. 285 ; Foster v. Mansfield, 146 U. S. 97 ; Murray v. Palmer, 2 Sch. & Lef. 474 : Erickson v. Quinn, 47 N. Y. 410 ; Campbell v. Boggs, 48 Pa. 524 ; Rhines v. Evans, 66 Pa. 195 ; 1 Bigelow on Fraud, 31 ; Rosenthal v. Walker, 111 U. S. 185 ; Way v. Cutting, 20 N. H. 192 ; Pierce v. Wilson, 34 Ala. 496.

*Silas W. Pettit*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, April 12, 1897 :

The learned master found the fact of fraud in favor of the appellant, and we are therefore not required to consider the complicated transactions out of which the cause of action arose, further than as they bear upon the only question really before us, the delay of appellant in bringing its bill.

The right of action accrued in February, 1882, and this bill was not filed till more than six years later. Are there sufficient circumstances to excuse the delay either at law or in equity ? The bill is a substitute for an action of deceit, the basis of which is that plaintiff was induced to discount two notes of the Siemens Anderson Steel Company, for thirty-three thousand dollars each, by the false and fraudulent representation that the capital stock of that company, of one and a half million dollars, was full paid. It is not claimed that such representation was made by any of defendants, but by one Cosgrove, charged as being an agent or coconspirator with defendants and the master has found that the latter so acted as to participate in or be responsible for his fraud. Whether we should have reached the same conclu-

sion is by no means clear, but as already said that question is not now raised on this record. The last of the notes so discounted fell due in February, 1882, and was not paid. The right of action then accrued, but it is claimed by plaintiff that the fraud was not discovered until later, and that the statute of limitations only runs from the date of discovery. The specific fraud charged is that it was represented, and made so to appear on the face of the transaction, including the statement required by the New York statute under which the company was chartered, that the stock of the company had been issued to Dr. Siemens in payment for the license to use his patents and processes in the manufacture of steel, whereas he had in fact only received the stock temporarily as security for his real payment, which was in bonds of the company for a smaller amount, and the stock was in truth allotted at less than par to certain promoters, as their profit in the enterprise. The crucial fact therefore was the variance between the real and the apparent transaction in regard to the issue of this stock to Dr. Siemens, and the question is when was plaintiff informed of the truth in this regard, or put upon such inquiry as was equivalent to notice.

As already said the last note came due in February, 1882, and was not paid. The Siemens Anderson Steel Company had in the spring of 1881 bought out the Pittsburgh Steel Works, then conducted by Anderson & Co. That firm appear to have been in fact insolvent at that time, though their credit was fair, and their real condition is not shown to have been known to any one except probably to Cosgrove who was the financial clerk or manager. The Siemens Anderson Steel Company having thus involved itself at the outset with an insolvent company, came to speedy failure, and in November, 1881, confessed judgments on which its entire property was sold out in January, 1882. At this point the facts which the master held equivalent to notice, came in. On January 28, 1882, just after the sheriff's sale under the confessed judgments, and before actual delivery of the company's property to the purchasers, Dr. Siemens through his agent presented a petition to intervene and to open the confessed judgments, on the ground that the property was covered by a mortgage which was security for the bonds of the company, and he was the holder of $300,000 of said bonds which he had received in payment for his license to

use his patents and processes.  On February 16, 1882, the appellant also intervened as a creditor to have the confessed judgments opened, and its petition was founded on information from the contents of petitions by other interveners including Dr. Siemens.   We thus have the present plaintiff and the principal defendant brought together in a litigation as common creditors of the Siemens Anderson Steel Company, in an endeavor to open and set aside judgments given to other and preferred creditors, and one of the petitions on which their effort was founded, setting forth the crucial fact now made the basis of this bill, that Dr. Siemens was paid for his patents by bonds and not by stock as plaintiff had been led to believe.   It is true there were other matters relied upon to prove the fraud, such as the commissions secretly paid or promised to Patrick and to Holly, etc., and these were material on the question of fraud, but on the question of notice to put plaintiff on inquiry, they were make-weights only.   The substantial basis of the bill is the misrepresentation as to the full payment of the stock, and that rests on the assertion that it had been issued to Dr. Siemens in payment for the use of his patents.   When his petition showed that he had been paid in bonds and not in stock, the plaintiff was informed of the main fact on which it now bases its bill, and was put upon inquiry as to everything material to the present litigation.   Not having acted for more than six years, it is now too late both at law and in equity.

Decree affirmed with costs.